# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ROBERT PEAT, Wrongful Death Representative for the Estate of SCOTT PEAT <br><br> Plaintiff, <br><br> MARTEN TRANSPORT, LTD., a Wisconsin Corporation <br><br> Involuntary Plaintiff, <br><br> vs. <br><br> BENNETT HEAVY AND SPECIALIZED, LLC a Domestic Limited Liability Company, CHASE POE, Appointed Administrator for the ESTATE OF DAVID K. POE, AND the ESTATE OF PATRICIA POE <br><br> Defendants. | Case No. _____ |

## COMPLAINT AND JURY DEMAND

Robert Peat, Wrongful Death Representative for the Estate of Scott Peat, Plaintiff in the above-captioned matter, by and through his counsel of record, and for his Complaint against the Defendants, states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Robert Peat is the duly-appointed Wrongful Death Representative for the Estate of Scott Peat, pursuant to Wyo. Stat. § 1-38-103. Robert Peat is a citizen and resident of North Huntingdon, Westmoreland County, Pennsylvania. His brother, Scott Peat, was 61 years old when he was killed in the crash that is at issue in this case.

2. Upon information and belief, David K. Poe, Deceased, was a citizen and resident

of Sulphur Springs, Texas. At the time of the crash, he was driving a tractor-trailer in the course and scope of his agency, employment and/or statutory employment with Bennett Heavy & Specialized, LLC.

3. The involuntary plaintiff, Marten Transport, Ltd., upon information and belief, is a Wisconsin corporation duly authorized to conduct business in the State of Wisconsin with its principal office located at 129 Marten, Mondovi, Wisconsin, 54755. Further, upon information and belief, as an involuntary plaintiff to this action, Marten Transport, Ltd. may claim rights based upon Wis. Stats. § 102.29 for the reimbursement of any such payments for the result of Scott Peat's death.

4. Bennett Heavy & Specialized, LLC (hereinafter "Bennett") is a Georgia limited liability company engaged in the nationwide business of interstate trucking; its principal place of business is in McDonough, Georgia; it is a motor carrier licensed and regulated by the Federal Motor Carrier Safety Administration to operate commercial motor vehicles for profit throughout the United States, including the State of Wyoming, with the USDOT #551221.

5. Defendant Bennett is a for-hire motor carrier operating a commercial motor vehicle, a tractor-trailer, while transporting property in interstate commerce at the time of the Subject Crash.

6. Defendant Bennett has consented to jurisdiction in the State of Wyoming and may be served through its appointed statutory BOC-3 agent for service of process, All American Agents of Process, c/o Julie Gliem/Day and Night Process Serving, 1805 Warren Avenue, Cheyenne, Wyoming 82001, as required by 49 C.F.R. § 366.

**JURISDICTION AND VENUE**

7. *Subject Matter Jurisdiction.* Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy is substantially in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and the parties are citizens of different states.

8. *Venue.* Pursuant to 28 U.S.C. § 1391(b)(2), an action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. The acts and omissions alleged in this complaint occurred in Wyoming.

## BENNETT HEAVY & SPECIALIZED, LLC

9. By virtue of registering with the U.S. Dept. of Transportation (by obtaining a "USDOT" number and/or operating authority for its business purposes), Defendant Bennett certified that it would comply with and be subject to the Federal Motor Carrier Safety Regulations.

10. Defendant Bennett employed 326 drivers and operated 176 power units in 2023, which drove 16,817,000 miles all across the United States.

11. As a licensed motor carrier, Bennett has regulatory and common-law duties to properly investigate and qualify drivers before putting them on the road to drive 18-wheelers.

12. As a licensed motor carrier, Bennett has regulatory and common-law duties to properly train their drivers before putting them on the road to drive 18-wheelers.

13. As a licensed motor carrier, Bennett has regulatory and common-law duties to ensure compliance with the training by the drivers of their 18-wheelers.

14. Before June 17, 2022, Bennett hired David L. Poe and/or Patricia Poe, and gave them the responsibility of driving a truck Bennet Heavy & Specialized, LLC owned in the regular course and scope of their agency and employment with Bennett Heavy & Specialized, LLC. On

June 17, 2022, this truck was a 2022 International Tractor, VIN 3HSDZTZR9NN077403 with a trailer attached.

15. As a commercial motor vehicle operator, David L. Poe certified he would comply with and be subject to the Federal Motor Carrier Safety Regulations.

16. On June 17, 2022, David L. Poe was the driver of the tractor-trailer. David L. Poe and/or Patricia Poe were acting in the course and scope of their agency and employment with Bennett Heavy & Specialized, LLC at the time of this catastrophic crash.

## THE CRASH

17. On June 17, 2022 the National Weather Service issued a special weather statement, warning of threats of wind gusts up to 55 miles per hour, encompassing all of southeastern Laramie County and the southwestern corner of Nebraska.

18. The National Weather Service's warnings extended until 2:15 a.m. MDT, June 17, 2022.19. At approximately 1:19 a.m. on Interstate 80 East near mile marker 383 in Laramie County, Wyoming. Despite the hazardous weather warning, David L. Poe was presumably driving an empty tractor trailer (hereinafter the "Bennett Heavy CMV" or the "tractor-trailer eastbound through dangerous, strong winds with his wife Patricia Poe.

19. Upon information and belief, David L. Poe, knowingly and recklessly operated his empty trailer in adverse windy conditions, in violation of posted restriction and at the request or command of his employer. The combination of the strong winds and empty trailer caused Poe to lose control of the commercial vehicle as it "began to roll onto the driver side…slide eastbound across the interstate on the driver's side..."

20. At the same time, Scott Peat was the driver of a tractor trailer eastbound that was **loaded** with general freight and in the right lane. Scott was unable to stop at the sudden flip of

POE's vehicle and struck the undercarriage of the Poe tractor trailer.

21. The force of the collision caused both tractor trailers to continue eastbound toward the median. Both vehicles became engulfed in flames and everyone involved sustained fatal injuries involving blunt force trauma and thermal injuries. The Coroner was unable to positively identify Scott Peat and required family DNA.

## DUTIES

22. All allegations and causes of action in this Complaint, pled above and below, are incorporated into these claims for relief by reference.

23. Defendant Bennett had a duty to supervise and ensure that its employee truck drivers were properly screened, licensed, and trained to drive safely and abide by all applicable Federal and State laws and regulations.

24. Defendant Bennett had a duty to the public to avoid knowingly placing their commercial truck drivers in hazardous or unsafe conditions which would pose a foreseeable risk of serious injury to members of the public, such as the dangerous wind conditions of June 17, 2022.

25. Defendant Bennett, as an interstate carrier, is subject to the laws, rules, and regulations set forth in the Federal Motor Carrier Safety Act.

26. Upon information and belief, Driver David Poe acted in accordance with his training, supervision and instructions he received from his employer, or the lack thereof, and that his actions and the manner of doing these actions, which led or contributed to the subject crash, were authorized and approved by Defendant Bennett.

27. Defendant David Poe had a duty to comply with the Commercial Driver's License Manual for the State of Texas, the Federal Motor Carrier Safety Regulations, and the Wyoming

Statutes and Wyoming Department of Transportation restrictions for the operation of underweight gross combination weight rated tractor-trailers at the time of the crash.

28. Defendant Bennett also had a duty to hire, train and supervise their drivers, including David Poe in a reasonably prudent manner. Driver Poe's actions to drive the tractor-trailer on a narrow canyon road, when safer options were available, and to cross over the double yellow line into oncoming traffic demonstrate a breach of Bennett's duties to train and supervise their drivers to ensure they drive in a reasonably prudent manner and to act in accordance with all applicable safety rules, regulations and requirements.

## CLAIMS FOR RELIEF

## WRONGFUL DEATH

29. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this claim for relief by reference.

30. Plaintiff brings this Cause of Action under Wyoming's Wrongful Death Statute, found at WY Stat. § 1-38-102 against all Defendants.

31. As a direct and proximate result of the negligence of all Defendants, Scott Peat's next of kin and beneficiaries, including his brothers and nephew, have experienced loss of support; loss of services; loss of inheritance; loss of his society; including loss of companionship, consortium, care, love, assistance, attention, protection, advice, guidance, counsel, instruction, training and education; along with mental pain, anguish and emotional trauma.

## FIRST CAUSE OF ACTION
*Negligence – David K. Poe*

32. Plaintiff incorporated, by reference, all prior paragraphs of this Complaint as if fully set forth herein.

33. Defendant Poe had a duty of reasonable care owed to Scott Peat and other members of the public to safely and properly operate his commercial motor vehicle.

34. Defendant Poe failed to drive safely at the time of the crash, keep a proper lookout, maintain control of his vehicle and his lane of travel, and yield to other traffic.

35. Defendant Poe failed to comply with Wyoming Statutes, CDL requirements and WYDOT restrictions prohibiting the operation of his tractor-trailer at the time of the crash.

36. Defendant Poe failed to drive safely and prudently by operating a commercial motor vehicle tractor-trailer combination in high winds with a light trailer, which caused him to lose control of the Bennett Heavy CMV, setting off the chain of events resulting in Scott Peat's death.

37. Defendant Poe's acts and omissions in driving a tractor-trailer with a light trailer in dangerous, high winds, constitute an extreme departure from reasonableness expected and required by professional drivers with a commercial drivers' license.

38. Defendant Poe, through his negligent, careless, reckless and wrongful acts and omissions, violated applicable codes, ordinances, regulations and/or statutes of the State of Wyoming or the United States including, but not limited to, the following:

   a. W.S. § 31-5-229, Reckless Driving;

   b. W.S. § 31-5-236, Careless Driving;

39. Defendant Poe, through his negligent, careless, reckless, and wrongful acts and omissions, violated applicable requirements and rules under his Texas Commercial Driver's License, including, but not limited to, the following:

   a. Texas CDL Manual, Section 2.4 – Seeing

   b. Texas CDL Manual, Section 2.6 – Controlling Speed

c. Texas CDL Manual, Section 2.8.1 – Importance of Seeing Hazards

d. Texas CDL Manual, Section 2.8.4 – Always Have a Plan

40. Defendant Poe, through his negligent, careless, reckless, and wrongful acts and omissions, violated applicable Federal Motor Carrier Safety Regulations, including, but not limited to, the following:

a. 49 C.F.R. § 383.111 – Required Knowledge, which sets forth the knowledge all CMV operators must have, including, but not limited to safe driving, visual search, speed management, space management and hazard perceptions.

b. Applicable sections within 49 C.F.R. Part 392.

41. The purpose of the aforementioned codes, ordinances, regulations and statutes was to protect against the type of injuries and damages Plaintiff sustained as a result of this incident.

42. Plaintiff was a member of the group of persons that the aforementioned codes, ordinances, regulations and/or statutes were intended to protect.

43. Consequently, Defendant's conduct complained of herein constitutes negligence.

44. As a direct and proximate result of Defendant Poe's negligence and reckless acts and omissions, Scott Peat was killed, and his family suffered damages and losses as more particularly set forth below in the section of this Complaint entitled "DAMAGES."

**SECOND CAUSE OF ACTION**
*Vicarious Liability – Bennett Heavy*

45. Plaintiff incorporates, by reference, all prior paragraphs of this Complaint as if fully set forth herein.

46. Upon information and belief, Defendant Poe was an employee, agent, or statutory

employee of Defendant Bennett at all times relevant to the facts and allegations in this complaint.

47. Upon information and belief, Defendant Bennett was acting as employer, principal and statutory employer of Defendant Poe at the time of the subject crash.

48. By virtue of Defendant Poe being an employee, agent, or statutory employee of Defendant Bennett, and because he was acting within the scope of his employment at the time of the crash, the acts and omissions of Defendant Poe are deemed to be the acts and omissions of Defendant Bennett under the doctrine of *Respondeat Superior*.

49. Consequently, Defendant Bennett is liable for the acts and omissions of Defendant Poe and for the death of Scott Peat and his family's resulting injuries and damages as set forth in this Complaint.

## THIRD CAUSE OF ACTION
*Negligent Hiring, Retention, Supervision and Training – Bennett Heavy*

50. Plaintiff incorporates, by reference, all prior paragraphs of this Complaint as if fully set forth herein.

51. Defendant Bennett Heavy had a duty of reasonable care owed to Scott Peat, his family, and other members of the public:

   a. To hire competent, qualified, and safe employees;

   b. To properly supervise and direct its employees in the operation of their jobs;

   c. To properly train its employees;

   d. To provide safe and effective equipment which permits employees to safely operate on the roadways; and

   e. To monitor road and weather conditions and to timely alert their drivers to allow them to reroute or suspend travel to avoid hazardous road and weather conditions.

52. Upon information and belief, Defendant Bennett breached its above mentioned duties by failing to exercise reasonable care in the hiring, supervision, direction, equipment, and training of Defendant Poe, specifically including by not limited to:

   a. Willfully, wantonly, knowingly, and recklessly failing to properly supervise and reroute its Driver to avoid dangerous high wind conditions not well-suited to commercial motor vehicles with light trailers;

   b. Failing to properly train its employees to avoid hazardous and unsafe roads and to abide by all laws, regulations and industry standards for the safe operation of commercial motor vehicles on public highways, including, specifically, safe and proper procedure for passing a cyclist along the road shoulder and not to cross double-yellow lines;

   c. Failing to reroute their employee to avoid a hazardous road when operating a commercial motor vehicle on the road created an additional hazard and foreseeable risk of injury to its employees and members of the public.

   d. Violating 49 C.F.R. § 390.3 – General applicability, which requires "(e) Knowledge of and compliance with the regulations. (1) Every employer shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations. (2) Every driver and employee involved in motor carrier operations shall be instructed regarding, and shall comply with, all applicable regulations contained in this subchapter." 49 C.F.R. § 390.3.

   e. Violating 49 C.F.R. § 390.11 – Motor carrier to require observance of driver regulations, which requires: "[w]henever in part 325 of subchapter A or in this

subchapter a duty is prescribed for a driver or a prohibition is imposed on the driver, it shall be the duty of the motor carrier to require observance of such duty or prohibition. If the motor carrier is a driver, the driver shall likewise be bound." 49 C.F.R. § 390.11.

53. Defendant Bennett's actions and omissions in failing to properly train, direct, supervise, and route its employees were the proximate cause of injuries, losses, and damages suffered by the Plaintiff.

54. As a direct and proximate result of Defendant Bennett's negligent hiring, supervision, direction, and training of Defendant Poe, Defendant Bennett is vicariously liable for the reckless, willful, wanton conduct of Defendant Poe in his operation of his commercial motor vehicle.

55. As a direct and proximate result of Defendant Bennett's negligent hiring, supervision, direction and training, and direct negligence authorizing, permitting or otherwise allowing Defendant Poe to operate his commercial motor vehicle in violation of Wyoming law, rules and regulations, Scott Peat was killed and his family suffered and continues to suffer damages, and losses as more particularly set forth in this Complaint, and therefore Defendant is subject to punitive damages for its negligent acts and omissions which subjects the Defendant to vicarious liability for the reckless, willful, and/or wanton conduct of its employee Defendant Poe.

### FOURTH CAUSE OF ACTION
*(Negligent Entrustment of Defendant Bennett Heavy)*

56. Plaintiff incorporates, by reference, all prior paragraphs of this Complaint as if fully set forth herein.

57. As the registered owner of the Bennett Heavy CMV, Defendant Bennett had a duty to ensure any driver of the truck was properly qualified and licensed to safely operate the truck on public highways.

58. As the registered owner of the Bennett Heavy CMV, Defendant Bennett negligently entrusted the truck to Defendant Poe by knowingly permitting the operation of the truck on public highways by a driver, who, was neither trained nor qualified to safely operate a commercial motor vehicle on mountainous highways.

59. Defendant Bennett's conduct of knowingly permitting the operation of the Bennett Heavy CMV on public highways by a driver who was neither adequately trained, nor qualified to safely operate a commercial motor vehicle on mountainous highways was reckless.

60. Defendant Bennett's conduct of entrusting the Bennett Heavy CMV in the hands of Defendant Poe, who was neither adequately trained nor qualified to operate a commercial motor vehicle on Wyoming's dangerously windy highways was a cause of the crash that caused Plaintiff's damages as more fully set forth in this Complaint.

## DAMAGES

61. Plaintiff re-alleges and incorporates by reference all statements and allegations contained in the numbered paragraphs above and further alleges as follows:

62. As a direct and proximate result of the negligent, and/or reckless, willful, wanton conduct by all Defendants, Scott Peat was killed and his family suffered losses and damages.

63. The loss of Scott Peat to his beneficiaries, including his brothers, Richard and Brian, and his nephew, Ryan, includes the comfort, care and companionship that Scott provided to those family members who were left behind when he was killed in this crash.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

follows:

1. For compensatory damages in an amount exceeding $75,000, exclusive of interest and costs, in an amount to be specifically proven at trial;

2. Punitive damages available under the laws of the States of Wyoming;

3. Exemplary damages because the Defendants acted recklessly and/or willfully and wantonly;

4. For costs of this action, interest and such other damages as are fair and just;

5. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a six-person jury trial on all issues triable to a jury by filing this action in conjunction with the requisite fee.

Dated this 10th day of May, 2024.

   /s/ *Grant H. Lawson*
Grant H. Lawson WSB # 6-4260
Joseph Chenchar WSB #7-5576
Metier Law Firm LLC
4828 South College Avenue
Fort Collins, CO 80525
grant@metierlaw.com
joe@metierlaw.com
*Attorneys for Plaintiff*