**KHALE J. LENHART, #7-4581**
**TYSON R. WOODFORD, #8-6650**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com

### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| ROBERT PEAT, Wrongful Death Representative for the Estate of Scott Peat and Marten Transport, LTD. as Involuntary Plaintiff, | } } } } | |
| Plaintiffs, | } } } | |
| vs. | } } | Civil No. 24-CV-98R |
| BENNETT HEAVY AND SPECIALIZED, LLC, CHASE POE, Appointed Administrator for the ESTATE OF DAVID POE and ESTATE OF PATRICIA POE, | } } } } } } | |
| Defendants. | } } | |

## *DEFENDANTS BENNETT HEAVY AND SPECIALIZED, LLC AND THE ESTATE OF DAVID POE'S ANSWER TO PLAINTIFF ROBERT PEAT'S COMPLAINT*

Defendants Bennett Heavy and Specialized, LLC and the Estate of David Poe (hereinafter "Defendants") answer Plaintiff Robert Peat's *Complaint and Jury Demand* as follows:

1.      Answering ¶ 1, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

2.      Answering ¶ 2, Defendants admit that David Poe was a citizen and resident of Sulphur Springs, Texas and that David Poe was driving a tractor-trailer within the course and scope of his employment at the time of the crash. The remaining allegations contained in this paragraph call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

3.      Answering ¶ 3, Defendants are without sufficient knowledge or information to form a belief as to the truth of the location and status of Marten Transport, Ltd., and therefore deny the same. Defendants state that the remaining allegations contained in this paragraph call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

4.      Answering ¶ 4, Defendants admit the allegations contained therein.

5.      Answering ¶ 5, Defendants admit that Defendant Bennett is a for-hire motor carrier. Defendants also admit Bennett had a tractor-trailer in operation at the time of the Subject Crash. Defendants deny all remaining allegations.

6.      Answering ¶ 6, Defendants state that the allegations contained in this paragraph call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

7.      Answering ¶ 7, Defendants state that the allegations contained in this paragraph call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

8.      Answering ¶ 8, Defendants admit the subject commercial motor vehicle accident occurred in Wyoming. Defendants state the remaining allegations contained in this

paragraph call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

9. Answering ¶ 9, Defendants admit that Defendant Bennett registered with the United States Department of Transportation. Defendants deny all remaining allegations.

10. Answering ¶ 10, Defendants admit these figures were reported to the United States Department of Transportation. Defendants deny all allegations not specifically admitted therein.

11. Answering ¶ 11, Defendants state that duty is a question of law, and this paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

12. Answering ¶ 12, Defendants state that duty is a question of law, and this paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

13. Answering ¶ 13, Defendants state that duty is a question of law, and this paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

14. Answering ¶ 14, Defendants admit that Defendant Bennett hired David Poe before June 17, 2022. Defendants admit that David Poe drove a tractor-trailer for Defendant Bennett. Defendants also admit that on July 17, 2022, David Poe was driving a 2022 International Tractor, VIN 3HSDZTZR9NN077403, with a trailer attached. Defendants deny all remaining allegations.

15.     Answering ¶ 15, Defendants admit that David Poe was a commercial motor vehicle operator. Defendants deny all allegations not specifically admitted herein.

16.     Answering ¶ 16, Defendants admit Defendant David Poe was the driver of the tractor-trailer and was acting within the course and scope of his employment with Defendant Bennett. Defendants deny all allegations not specifically admitted herein.

17.     Answering ¶ 17, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

18.     Answering ¶ 18, Defendants are without sufficient knowledge or information to form a belief as to the truth of the duration of the National Weather Service's alleged warning and therefore deny the same. Defendants admit that the tractor trailer driven by Defendant David Poe on June 17, 2022, was unloaded, and that Patricia Poe was a passenger. Defendants deny all remaining allegations not specifically admitted herein.

19.     Answering ¶ 19, Defendants deny the allegations contained therein.

20.     Answering ¶ 20, Defendants admit that Scott Peat was driving a tractor-trailer on June 17, 2022, which was loaded with general freight. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny the same.

21.     Answering ¶ 21, Defendants admit the vehicles burned and the individuals in the tractor-trailers sustained fatal injuries. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny the same.

22.     Answering ¶ 22, Defendants re-allege and reincorporate their prior responses as if fully incorporated herein.

23.     Answering ¶ 23, Defendants state this paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

24.     Answering ¶ 24, Defendants state this paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

25.     Answering ¶ 25, Defendants state that the allegations contained in this paragraph call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny that the Federal Motor Carrier Safety Act provides an independent cause of action or sets the standard of care in this matter.

26.     Answering ¶ 26, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein. Furthermore, this paragraph calls for a legal conclusion regarding causation that requires no answer. To the extent the Court requires an answer, Defendants deny the allegations contained therein.

27.     Answering ¶ 27, Defendants state that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

28.     Answering ¶ 28, Defendants state that the allegations therein call for legal conclusions to which no response is required, and, to the extent a response is required, Defendants deny breaching any duty they may have owed to Plaintiffs and assert that they met the applicable

standard of care. Furthermore, Defendants specifically deny that Defendant David Poe was driving on a narrow canyon road and deny that he crossed over a double yellow line into oncoming traffic.

29.    Answering ¶ 29, Defendants re-allege and reincorporate their prior responses as if fully incorporated herein.

30.    Answering ¶ 30, Defendants state that the allegations contained in this paragraph call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

31.    Answering ¶ 31, Defendants deny the allegations contained therein.

32.    Answering ¶ 32, Defendants re-allege and reincorporate their prior responses as if fully incorporated herein.

33.    Answering ¶ 33, Defendants state that duty is a question of law, and this paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

34.    Answering ¶ 34, Defendants deny the allegations contained therein.

35.    Answering ¶ 35, Defendants deny the allegations contained therein.

36.    Answering ¶ 36, Defendants deny the allegations contained therein.

37.    Answering ¶ 37, Defendants deny the allegations contained therein.

38.    Answering ¶ 38, Defendants deny the allegations contained therein, including all subparts.

39.    Answering ¶ 39, Defendants deny the allegations contained therein, including all subparts.

HIRST APPLEGATE, LLP
LAW OFFICES
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

40.     Answering ¶ 40, Defendants deny the allegations contained therein, including all subparts.

41.     Answering ¶ 41, Defendants deny the allegations contained therein.

42.     Answering ¶ 42, Defendants deny the allegations contained therein.

43.     Answering ¶ 43, Defendants deny the allegations contained therein.

44.     Answering ¶ 44, Defendants deny the allegations contained therein.

45.     Answering ¶ 45, Defendants re-allege and reincorporate their prior responses as if fully incorporated herein.

46.     Answering ¶ 46, Defendants admit that David Poe was an employee of Defendant Bennett on June 17, 2022. Defendants deny any allegations not specifically admitted herein.

47.     Answering ¶ 47, Defendants admit that Defendant Bennett was acting as employer of David Poe on June 17, 2022. Defendants deny any allegations not specifically admitted herein.

48.     Answering ¶ 48, Defendants admit that Defendant Bennett is vicariously liable for the negligence, if any, of Defendant David Poe under the doctrine of *respondeat superior*. Defendants deny all allegations not specifically admitted herein.

49.     Answering ¶ 49, Defendants admit that Defendant Bennett is vicariously liable for the negligence, if any, of Defendant David Poe under the doctrine of *respondeat superior*. Defendants state that the remaining allegations contained in this paragraph call for legal conclusions to which no response is required. To the extent a response is required, Defendants

deny the same. Defendants specifically deny that Defendants are liable for the death of Scott Peat and his family's resulting injuries and damages.

50.     Answering ¶ 50, Defendants re-allege and reincorporate their prior responses as if fully incorporated herein.

51.     Answering ¶ 51, Defendants state that duty is a question of law, and this paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein, including all subparts.

52.     Answering ¶ 52, Defendants deny all allegations contained therein, including all subparts.

53.     Answering ¶ 53, Defendants deny the allegations contained therein.

54.     Answering ¶ 54, Defendants deny the allegations contained therein.

55.     Answering ¶ 55, Defendants deny the allegations contained therein.

56.     Answering ¶ 56, Defendants re-allege and reincorporate their prior responses as if fully incorporated herein.

57.     Answering ¶ 57, Defendants state that duty is a question of law, and this paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

58.     Answering ¶ 58, Defendants deny the allegations contained therein.

59.     Answering ¶ 59, Defendants deny the allegations contained therein.

60.     Answering ¶ 60, Defendants deny the allegations contained therein.

61.     Answering ¶ 61, Defendants re-allege and reincorporate their prior responses as if fully incorporated herein.

62.     Answering ¶ 62, Defendants deny the allegations contained therein.

63.     Answering ¶ 63, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

64.     Answering the "Wherefore" Paragraph and all subparts, Defendants deny that Plaintiffs are entitled to any of the relief requested.

65.     Defendants deny all allegations of the Complaint not specifically admitted or addressed herein.

## *AFFIRMATIVE DEFENSES*

1.     As a further and separate defense, Defendants allege that Plaintiffs' Complaint fails to state a claim against it upon which relief can be granted.

2.     As a further and separate defense, Defendants state that discovery may disclose that Plaintiffs' claims are or may be barred by the doctrines of waiver, laches, estoppel, judicial estoppel, and/or federal preemption.

3.     As a further and separate defense, Defendants allege that the events, happenings, and purported damages referred to in the Plaintiffs' Complaint were unavoidable.

4.     As a further and separate defense, Plaintiffs' alleged injuries and damages were solely and proximately caused by superseding, unforeseeable and intervening acts, or an act of God.

5.     As a further and separate defense, Defendants state that there is no causal relationship between the acts alleged and the damages alleged.

6.      As a further and separate defense, Defendants did not breach any duty of care owed to Plaintiffs and no act or omission proximately caused any alleged injury or damage to Plaintiffs.

7.      As a further and separate defense, the fault of all persons, entities, and actors, whether or not joined as parties to this lawsuit, must be evaluated and liability apportioned among all such actors proportionate to their respective fault, pursuant to WYO. STAT. ANN. § 1-1-109.

8.      As a further and separate defense, Plaintiffs were comparatively at fault for the events, injuries, and damages alleged and described in the Complaint, thereby precluding, diminishing, or reducing any recoverable damages pursuant to WYO. STAT. ANN. § 1-1-109.

9.      As a further and separate defense, the events, injuries, and damages described in the Complaint were the result of actions that occurred without negligence or fault on the part of Defendants.

10.     Defendants expressly reserve the right to amend, delete, and/or add additional defenses as further investigation and discovery may warrant.

*WHEREFORE*, Defendants pray that the Court dismiss Plaintiffs' Complaint with prejudice and award Defendants their costs and disbursements and such other relief as the Court may deem proper.

HIRST APPLEGATE, LLP
LAW OFFICES
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

Dated:  18 June 2024.

BENNETT HEAVY AND SPECIALIZED, LLC
and CHASE POE, Defendants


BY: _s/Tyson R. Woodford_
        **KHALE J. LENHART, #7-4581**
        **TYSON R. WOODFORD, #8-6650**
        OF HIRST APPLEGATE, LLP
        Attorneys for Defendants
        P. O. Box 1083
        Cheyenne, WY 82003-1083
        Phone: (307) 632-0541
        Fax: (307) 632-4999
        klenhart@hirstapplegate.com
        twoodford@hirstapplegate.com

### *CERTIFICATE OF SERVICE*

I certify the foregoing ***Defendants Bennett Heavy and Specialized, LLC and the Estate of David Poe's Answer to Plaintiff Robert Peat's Complaint*** was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 18 June 2024, and that copies were served as follows:

Grant H. Lawson/Joseph Chenchar      ☐ U.S. MAIL
Metier Law Firm      ☐ FED EX
4828 S. College Avenue      ☐ FAX
Fort Collins, CO 80525      ☐ HAND DELIVERED
*Attorney for Plaintiffs*      ☐ EMAIL
     ☑ E-FILE


 s/Norma J. Hubka
OF HIRST APPLEGATE, LLP
Attorneys for Defendants