**KHALE J. LENHART, #7-4581**
**TYSON R. WOODFORD, #8-6650**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| ROBERT PEAT, Wrongful Death Representative for the Estate of Scott Peat and Marten Transport, LTD. as Involuntary Plaintiff,<br><br>Plaintiffs,<br><br>vs.<br><br>BENNETT HEAVY AND SPECIALIZED, LLC, CHASE POE, Appointed Administrator for the ESTATE OF DAVID POE and ESTATE OF PATRICIA POE,<br><br>Defendants. | } } } } } } } } } } } } } } } } | Civil No. 24-CV-98R |

## *MEMORANDUM IN SUPPORT OF DEFENDANT ESTATE OF PATRICIA POE'S MOTION TO DISMISS*

The Estate of Patricia Poe (hereinafter "Defendant"), by and through undersigned counsel, submits the following *Memorandum in Support of Defendant Estate of Patricia Poe's Motion to Dismiss*, pursuant to FED. R. CIV. P. 12(b)(6) and states as follows:

### INTRODUCTION

Plaintiffs' allegations arise from a tragic traffic incident that resulted in the untimely deaths of three individuals: Scott Peat, David Poe, and Patricia Poe. The traffic incident

occurred on June 17, 2022, in the very early morning hours. David Poe was driving a tractor-trailer, with his wife Patricia Poe as a passenger, eastbound on I-80 east of Cheyenne, Wyoming. Around 1:19 AM, a sudden and strong gust of wind blew over the tractor-trailer driven by David Poe, causing it to fall onto its side and come to a rest in the roadway. At some point thereafter, Scott Peat—who was also driving a tractor-trailer eastbound on I-80—crashed into the overturned tractor-trailer that was driven by David Poe. The two tractor-trailers ignited and each person in the tractor-trailers unfortunately passed away.

## FACTUAL ALLEGATIONS

The material facts and allegations from Plaintiff's *Complaint* [Doc. No. 1] needed to decide this matter under FED. R. CIV. P. 12(b)(6) are as follows (these facts are accepted as true solely for the purposes of this motion to dismiss, as required by the relevant rule):

1. David Poe was operating the tractor-trailer when the accident occurred. *See Complaint*, at ¶ 16.

2. The *Complaint* contains no factual allegations against Patricia Poe.

In fact, the only paragraphs mentioning Patricia Poe are included in their entirety, below:

> 14. Before June 17, 2022, Bennett hired David L. Poe and/or Patricia Poe, and gave them the responsibility of driving a truck Bennett Heavy & Specialized, LLC owned in the regular course and scope of their agency and employment with Bennett Heavy & Specialized, LLC. On June 17, 2022, this truck was a 2022 International Tractor, VIN 3HSDZTZR9NN077403 with a trailer attached.
>
> […]
>
> 16. On June 17, 2022, David L. Poe was the driver of the tractor-trailer. David L. Poe and/or Patricia Poe were acting in the course and scope of their agency and employment with Bennett Heavy & Specialized, LLC at the time of this catastrophic crash.

> […]
>
> 18. The National Weather Service's warnings extended until 2:15 a.m. MDT, June 17, 2022.19. [sic] At approximately 1:19 a.m. on Interstate 80 East near mile marker 383 in Laramie County, Wyoming. [sic] Despite the hazardous weather warning, David L. Poe was presumably driving an empty tractor trailer (hereinafter the "Bennett Heavy CMV" or the "[sic]tractor-trailer eastbound through dangerous, strong winds with his wife Patricia Poe.

*Complaint*, at ¶¶ 14, 16, 18. None of these paragraphs, or any paragraph in the *Complaint*, alleges any act, error, or omission by Patricia Poe. There are simply no facts in the *Complaint* indicating negligence by Patricia Poe.

### LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Rocha v. CCCF Admin.*, 408 F. App'x 141, 144 (10th Cir. 2011) (citation omitted). To survive a motion to dismiss, a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under this standard, "only factual allegations are given weight in the analysis." *Rigler v. Lampert*, 248 F.Supp.3d 1224, 1231 (D. Wyo. 2017). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Estate of Lockett v. Fallin*, 841 F.3d 1098, 1107 (10th Cir. 2016) ("Mere 'labels and conclusions'" are insufficient and "we need not accept legal conclusions contained in the complaint as true").

Further, "only plausible claims survive." *Rigler*, 248 F.Supp.3d at 1231. Plausibility requires more than "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *see Twombly*, 550 U.S. at 570 (plaintiffs must "nudge[ ] their claims across the line from conceivable to plausible"). If the allegations of the complaint "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citations and internal quotations omitted).

## ANALYSIS

Plaintiff named the Estate of Patricia Poe as a co-defendant with her husband David Poe's estate. However, Plaintiff's claims against the Estate of Patricia Poe are unfounded. A complaint satisfies the plausibility standard required by *Twombly* when the factual pleadings allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Twombly*, 550 U.S. at 556. Here, Plaintiff included no factual allegations against Patricia Poe that even suggest negligence.

Furthermore, Plaintiff alleges four causes of action. The first is a cause of action for negligence against the Estate of David Poe. *Complaint*, at ¶¶ 32-44. The next three are causes of action against Bennett Heavy and Specialized. *Id.* at ¶¶ 45-60. There is no cause of action directed at Patricia Poe; therefore, there is no allegation in the *Complaint* that Mrs. Poe owed Plaintiffs a duty, breached a duty owed, or proximately caused the claimed damages.

The Estate of Patricia Poe must be dismissed from this lawsuit. There are no factual allegations in the *Complaint* against Mrs. Poe and there are no causes of action pled against her.

Hirst Applegate, LLP
Law Offices
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

– 4 –

Looking at the four corners of the *Complaint*, Plaintiffs failed to plead any claim against Mrs. Poe upon which relief may be granted.

**WHEREFORE**, Defendant respectfully requests the Court grant this motion to dismiss and dismiss all claims against the Estate of Patricia Poe with prejudice.

Dated: 18 June 2024.

CHASE POE AS APPOINTED ADMINISTRATOR OF THE ESTATE OF PATRICIA POE, Defendant

BY: s/Tyson R. Woodford
**KHALE J. LENHART, #7-4581**
**TYSON R. WOODFORD, #8-6650**
OF HIRST APPLEGATE, LLP
Attorneys for Above Defendant
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com

*CERTIFICATE OF SERVICE*

I certify the foregoing ***Memorandum in Support of Defendant Estate of Patricia Poe's Motion to Dismiss*** was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 18 June 2024, and that copies were served as follows:

| | |
|---|---|
| Grant H. Lawson/Joseph Chenchar<br>Metier Law Firm<br>4828 S. College Avenue<br>Fort Collins, CO 80525<br>*Attorney for Plaintiff* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |

s/Norma J. Hubka
OF HIRST APPLEGATE, LLP
Attorneys for Above Defendant